IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN CHARLES BEYETT,<br><br>    Petitioner,<br><br>  v.<br><br>MIKE MARTELL,<br><br>    Respondent. | No. C 11-5557 WHA (PR)<br><br>**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS** |

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He has paid the filing fee. For the reasons discussed below, the petition is **DENIED**.

## STATEMENT

In 1998, petitioner pled guilty in San Mateo County Superior Court of robbery and was sentenced under California's "Three Strikes" law to a term of 36 years to life in state prison because he had two prior "strike" convictions. Petitioner does not indicate whether he appealed his conviction. Earlier this year, he filed unsuccessful habeas petitions in all three levels of the California courts. These petitions all raised the same claim he raises in the instant petition, namely that his sentence violated his right to a jury.

## ANALYSIS

**A.  STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.     LEGAL CLAIMS**

Petitioner claims that the trial court violated his constitutional right to a jury by enhancing his sentence under California "Three Strikes" law based on a determination by the judge, instead of a jury, that he suffered prior "strike" convictions. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *see Blakely v. Washington*, 542 U.S. 296, 303-04 (2004). Petitioner's claim fails for two reasons. First, the rule in *Apprendi* and *Blakely* is a new constitutional rule of criminal procedure that does not apply retroactively on habeas review to prisoners, such as petitioner, whose conviction and sentence became final prior to those decisions. *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005). Second, there is an exception for sentences that are extended based on prior convictions. When a sentence is enhanced based upon a prior conviction, there is no constitutional right to have a jury determine the fact of the prior conviction. *United States v. Pacheco-Zepeda*, 234 F.3d 411, 414-15 (9th Cir. 2001). As petitioner's sentence was enhanced based upon his prior convictions, he does not have a right to have a jury determine whether he suffered those convictions. Accordingly, the petitioner's claim is without merit, and he is not entitled to habeas relief.

**CONCLUSION**

In light of the foregoing, the petition for a writ of habeas corpus is **DENIED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that a reasonable jurist would find this court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: December   18  , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.11\BEYETT5557.DSM.wpd

3